

MICHAEL A. VALENTI
ATTORNEY AT LAW
mvalenti@vhrlaw.com
WWW.VHRLAW.COM

May 31, 2023

Deborah S. Hunt
Clerk of the Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45205-7000

    Re:   ***Dr. Thomas House, et al. v. Players' Dugout, Inc., et al.***, No. 22-5843

Dear Ms. Hunt:

The Supreme Court's May 25, 2023 holding in *Dupree v. Younger*, No. 22-210, does nothing to overcome Defendants' forfeiture of their argument concerning their breach-of-contract counterclaim.

Just as in their Brief, at 47-50, Defendants claim it is "undisputed" that House breached the Agreement. Defendants rely on this conclusory yet untrue assertion in a futile attempt to frame the District Court's ruling as "purely legal". It is abundantly clear, however, from Defendants' own feckless argument (and the District Court's ruling) that the issue was <u>not</u> "purely legal". Rather, they were based entirely on the *sufficiency of the evidence*, requiring a Rule 50(b) post-trial

motion in order to be preserved for appellate review. *See Dupree*, slip op. at 5 (absent Rule 50(b) motion, "an appellate court is powerless to review the sufficiency of the evidence after trial") (internal citations omitted).

Kentucky breach of contract common law has never been disputed by the parties. The only disputed matter is whether the *evidence was sufficient* to grant judgment as a matter of law in Defendants' favor. As the *Dupree* opinion explains, purely legal issues are those "that can be resolved without reference to any disputed facts." *Id*. at 6. The simple fact that Defendants' Rule 50(a) motion and Appellate Brief was based *entirely on the testimony presented at trial* (and Defendants' own interpretations and proffered inferences therefrom) demonstrates that the issue was anything but "purely legal."

Importantly, in denying the Rule 50(a) motion and deciding to submit the matter to the jury, the District Court cited to a plethora of documentary evidence and testimony presented during trial from which a jury could reasonably conclude that House did not breach the Agreement. Appellee Br. at 33-42 ("Defendants merely attack the evidence suggesting that there were no third parties 'known or suspected' of pirating the PAJTT Program"); Tr., R. 162 PageID# 2827-29 ("So based on the various pieces of information in this case, there is sufficient information to differ on a conclusion of whether Mr. House breached Section 3(c)…and those are all factual issues that can go to the jury.")

        Respectfully,

        VALENTI HANLEY PLLC

        /s/ Michael A. Valenti
        Michael A. Valenti, Esq.
        Hayden Holbrook, Esq.
        401 W. Main Street, Suite 1950
        Louisville, KY 40202
        (502) 568-2100
        mvalenti@vhrlaw.com
        hholbrook@vhrlaw.com
        ***Counsel for Plaintiffs-Appellees***

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing letter complies with Fed. R. App. P. 28(j) because it contains 344 words.

/s/ Michael A. Valenti
*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I certify that on May 31, 2023, I filed the foregoing letter and served it on all parties through the Court's CM/ECF system. Counsel for all parties are registered ECF users.

/s/ Michael A. Valenti
*Counsel for Plaintiffs-Appellees*